Matthew P. Todd, Esq. / #133023
TODD & ASSOCIATES
28649 So. Western Avenue #6845
San Pedro, California 90734
(310) 683-8632 / Fax: (866) 781-0419
matthew@toddlawyers.com

Attorney for Plaintiffs

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LISA SOLORIO, an individual and as Guardian Ad Litem for SOPHIA MESSERSMITH, a minor; and on behalf of ESTATE OF CHRISTOPHER MESSERSMITH, deceased;<br><br>Plaintiffs,<br><br>vs.<br><br>STATE OF CALIFORNIA, a government entity; CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION dba RICHARD J. DONOVAN CORRECTIONAL FACILITY, a government entity; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: **'23CV0112 CAB BGS**<br><br>**COMPLAINT FOR DAMAGES AND ATTORNEY'S FEES**<br><br>1. DEPRIVATION OF LIFE WITHOUT DUE PROCESS (42 U.S.C. § 1983);<br>2. INTERFERENCE WITH PARENTCHILD RELATIONSHIP (42 U.S.C. § 1983);<br>3. NEGLIGENCE;<br>4. NEGLIGENT SUPERVISION;<br>5. VIOLATION OF CALIFORNIA CIVIL CODE SECTION 43;<br>6. VIOLATION OF CALIFORNIA CIVIL CODE SECTION 52.1 (BANE ACT);<br>7. WRONGFUL DEATH (C.C.P. § 377.60).<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs LISA SOLORIO on her own behalf and as Guardian Ad Litem for SOPHIA MESSERSMITH, a minor; and on behalf of the ESTATE OF CHRISTOPHER MESSERSMITH, deceased; (hereinafter collectively referred to as the "Plaintiffs") allege:

## BRIEF STATEMENT OF THE CASE

1. This action arises from the death of Mr. Christopher Messersmith; a prisoner confined to the facility owned, managed, and operated by the Defendants for a specific, finite term who was looking forward to an early release date when he would be out of custody and returned to his family but instead, served what came to be a life sentence because he died while in custody directly and proximately caused by the Defendants. Mr. Messersmith is variously identified hereinafter as "Mr. Messersmith" or "Decedent." Mr. Messersmith's untimely and preventable death left behind a grieving mother and his much-loved daughter Sophia, a minor. Plaintiff sues for violations of civil rights and under California common law including but not limited to California *Code of Civil Procedure* §377.60.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked under 28 U.S.C. § 1331. This action at law for money damages arises under 42 U.S.C. § 1983 and the United States Constitution, the laws of the State of California, and common law principles to redress a deprivation under color of State law of rights, privileges and immunities secured to Plaintiff by said statutes, and by the First, Fourth, Eighth, and Fourteenth Amendments of the United States Constitution.

3. The incidents complained of herein occurred in Otay Mesa, California, at the Richard J. Donovan Correctional Facility ("RJD"), in the County of San Diego. In the evening of January 22, 2020, Defendants' acted with malice, reckless disregard killed Graves, or Defendants allowed Graves to be killed, by deliberately creating a penal environment in which Graves was at great risk of physical harm or death.

**PARTIES**

4. Plaintiff LISA SOLORIO ("Ms. Solorio") is the mother of Mr. Messersmith and is the grandmother as well as appointed[1] guardian of Sophia Messersmith, a minor. Ms. Solorio, concomitantly with the filing of this lawsuit, applies for appointment as Guardian Ad Litem for Sophia Messersmith, a minor. Ms. Solorio resides in the County of Los Angeles.

5. Plaintiff SOPHIA MESSERSMITH is the daughter of Mr. Messersmith and is a minor. Plaintiff SOPHIA MESSERSMITH seeks the appointment of her grandmother, Ms. Solorio, as her Guardian Ad Litem for this lawsuit. Plaintiff SOPHIA MESSERSMITH resides in the County of Los Angeles with her grandmother, Ms. Solorio.

6. Plaintiff ESTATE OF CHRISTOPHER MESSERSMITH appears in this action by way of Ms. Solorio, who is additionally filing this action on its behalf.

7. Defendant STATE OF CALIFORNIA (hereinafter "STATE") is a governmental entity under the laws of the United States, to wit, an admitted state within the United States. STATE is named herein as a governmental entity that has leadership roles and accountability for various departments, boards and agencies including the California Department of Corrections and Rehabilitation ("CDCR") and owns, manages, and operates the Richard J. Donovan Correctional Facility identified below.

8. Defendant CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION dba RICHARD J. DONOVAN CORRECTIONAL FACILITY ("RJD") was, at all times relevant to this action, a state agency operating at 480 Alta Road, Otay Mesa, California. Defendant RJD was, at all times relevant to this action, an employer as defined by California law, and a state agency, as defined in California *Government Code* §900.6. According to State and Federal court records, RJD has been at the center of numerous complaints of horrific staff misconduct involving prisoner abuse and systemic indifference to prisoner medical care and treatment going back decades (1990's to the

---

[1] Lisa Solorio, the paternal grandmother of Sophia Messersmith, is the recognized guardian of the person of Sophia Messersmith, pursuant to the Superior Court of California, County of Los Angeles.

present) and resulting in a court-supervised remedial plan crafted in September 2020 to address the myriad of problems at RJD by forcing RFD to institute and implement immediate changes including video surveillance, higher staffing levels, body-worn cameras by certain staff members and reporting requirements to the United States District Court that is overseeing the plan.

9. Defendants named herein as DOES 1-20 were at all relevant times, sworn correctional officers working in the same housing unit where Mr. Messersmith was confined while in the employ of STATE, CDCR and/or RJD and were required to exercise their duties and employment responsibilities lawfully with respect to individual inmates, including the Decedent, and that they committed the acts and omissions complained of herein while acting on behalf of STATE, CDCR and/or RJD. Plaintiffs do not know the true identities of DOES 1-20 and Defendant RJD, through numerous telephone calls and letters to RJD's then-warden's office, has thus far refused to identify them by name. Plaintiff will amend this Complaint to substitute the true names of DOES 1-20 when they are ascertained.

10. Plaintiffs do not know the true identities and capacities of those defendants sued herein as DOES 1 – 100 and therefore sues such defendants by such fictitious names. Plaintiffs are informed, believes, and thereon alleges that DOES 1 – 100 are employees of Defendant STATE, CDCR and/or RJD and that they are in some manner responsible for the injuries and damages sustained by Plaintiffs set forth herein. Plaintiffs will amend this Complaint to substitute the true names and capacities of such DOE defendants when the same has become known to Ms. Solorio and her counsel through early discovery requests.

11. Surviving members of Decedent's family have not been joined as a plaintiff herein after notification about Plaintiff's claim. Should it become necessary to do so, Plaintiff have certain DOE designations reserved for said surviving members and Plaintiffs reserve the right to seek leave to amend this Complaint to substitute the names of said surviving members pursuant to California *Code of Civil Procedure* §382.

## PUNITIVE DAMAGES

12. In committing the acts and omissions complained of herein, Defendants RJD and DOES 1 – 20, and each of them, acted under color of law and with malice, oppression and deliberate and reckless disregard for Plaintiffs' and Decedent's civil rights. Plaintiffs are thus entitled to an award of punitive damages against each of them according to proof at trial.

## GOVERNMENT TORT CLAIMS ACT

13. On or about July 12, 2021, within six months of the death of the Decedent that gives rise to this lawsuit and which caused Plaintiffs' injuries, Plaintiffs timely complied with the Government Tort Claims Act under Government Code § 910 by filing a claim for damages with the Office of Risk and Insurance Management which presented all facts and injuries known or reasonably known to the Plaintiff regarding his claims. The claim form is attached to this Complaint as Exhibit A.

14. By correspondence from the RJD dated August 4, 2021, the claims have been acknowledged but have not acted upon and since more than forty-five days have passed since Plaintiffs filed their claims with Office of Risk and Insurance Management, those claims may be deemed rejected by operation of law and given that there is no formal notice of decision, this lawsuit is being filed within two years of the date the Decedent's passing. Plaintiffs allege that the failure of the Defendants to promptly and properly respond to the claim is an act in furtherance of the systemic deliberate indifference of the Defendants, and each them, as further alleged below and will seek a declaration of the rights of the parties to incorporate the same allegation in the context of the effect of this litigation.

## STATEMENT OF FACTS

15. Prior to October 2019, Mr. Messersmith had begun reporting to the Defendants 1-20 and others at RJD, including health care providers working at the request or on behalf of the Defendants, and each of them, that he was not physically feeling well. At first, Mr.

Messersmith's claims were being routinely ignored. Mr. Messersmith reported to Ms. Solorio in calls and/or other correspondence that the health concerns that he had been voicing were largely ignored by RJD staff.

16. Prior to October 2019, Ms. Solorio began making telephone calls to the warden's office at RJD. Just as was reported to her by Mr. Messersmith, Ms. Solorio began experiencing the same lack of concern as evidenced by the well-noted and litigated failure of the office staff at RJD to return calls or respond to legitimate enquiries and concerns about inmate health and welfare; a systemic problem that is now known by the Plaintiffs to have been generating considerable litigation against and involving RJD but was not then known by them and which has been, in part, a subject of a remedial plan for which the Court has oversight in other litigation matters.

17. At some time during the last quarter of 2019, Mr. Messersmith was advised by the health care providers working at the request or on behalf of the Defendants, that a mitral valve replacement would be needed and that Mr. Messersmith would be transferred to Scripps Hospital for the procedure.

18. Mr. Messersmith underwent the mitral valve procedure and was returned to RJD post-operatively. At some point after his return to RJD, Mr. Messersmith was complaining of pain and discomfort to Defendants 1-20 and others in the employ of the Defendants, and each of them. At the same time, the Defendants, and each of them, purportedly were on actual or constructive notice that there were risks and side effects associated with heart valve repair or replacement including: bleeding during or after treatment or damage to the blood vessels; blood clots that can cause heart attack, stroke, or lung problems; infection at the incision site; endocarditis; pneumonia; breathing problems; arrhythmias; valve failure; medication reactions; and others. Ms. Solorio made repeated calls to RJD to enquire about the health and well-being of her son, virtually on a daily basis, and despite the fact that at the same time Defendants, and each of them, were already before this Court in other cases and litigating the ramifications of horrific allegations of staff misconduct including the failure to promptly provide medical attention or to respond to

requests for information, *all* of Ms. Solorio's fervent pleading for information from RJD staff went unheeded and no response or other information was provided.

19. Because of the abject refusal of Defendant RJD to comply with the legitimate requests for information, Ms. Solorio lacks full personal knowledge about all the circumstances surrounding the death of Mr. Messersmith but based upon a preliminary investigation, she alleges the following facts upon information and belief:

19.1 On July 13, 2021, Plaintiffs sent a letter to RJD requesting that it secure and maintain all records relating to Mr. Messersmith, among other items. On August 2, 2021, Warden Pollard's staff, over his signature, responded acknowledging receipt of the July 13 letter as well as the claim of the Plaintiffs. No information was provided by RJD or the Defendants or any of them to Ms. Solorio.

19.2 At least the Defendants DOES 1-20 were advised while on duty that Mr. Messersmith was not physically feeling well after having undergoing a mitral valve procedure with its attendant risks and complications.

19.3 After many notifications were made to RJD from several sources, at least one employee became alarmed at the physical condition of Mr. Messersmith and upon further assessment by health care providers at RJD, Mr. Messersmith was deemed too serious in condition to be treated onsite and should be immediately transferred to a hospital facility for further emergency care. At this time, for the first time, staff within Warden Pollard's office called Ms. Solorio's cellphone and indicated, in substance, that Mr. Messersmith was on his way to the hospital and later, that Mr. Messersmith was on life support. In spite of the presence of COVID-19 restrictions, the staff at RJD was advising Ms. Solorio to immediately drive from Los Angeles to San Diego as Mr. Messersmith may not survive the evening. Mr. Messersmith passed away on January 22 and the staff at RJD advised Ms. Solorio of that fact by contacting her by cellphone while she was enroute to the hospital. She had only made it to San Clemente.

19.4 Upon information and belief, once Mr. Messersmith was returned to RJD from surgery, he was not provided the post-operative care that he deserved. RJD

prevented Mr. Messersmith from receiving proper medical care. Complaints about the health and well-being of Mr. Messersmith that were being made by Ms. Solorio, Mr. Messersmith and others were being ignored. There was no attempt made to adequately treat Mr. Messersmith within the medical ward at RJD. There was no attempt made to adequately treat Mr. Messersmith at the hospital where he had undergone the mitral valve procedure. The Defendants made it clear that they had no intention to provide further health care to Mr. Messersmith. The Defendants made it clear that they had no intention of responding to Ms. Solorio (even though there is now evidence in the form of cellular phone records that they had her cellphone information.)

19.5 So pervasive was the lack of any willingness on the part of the Defendants, and each of them, to adequately regard Mr. Messersmith or his mother with any decorum, respect, or simply using good manners, that the Defendants, and each of them, wholly ignored legitimate requests for health care, wholly ignored legitimate requests for information, and in consistent fashion, wholly ignored the Plaintiffs' Claim for Damages. In fact, it was more than a year from the Decedent's passing before the Defendants returned the money to Ms. Solorio that was on the books at RJD from which the Decedent had drawn when he was alive to pay for incidentals at RJD. Moreover, so pervasive is the Defendants' indifference that as to the date of the filing of this Complaint, the Plaintiffs have not received all of the Decedent's personal effects from the Defendants. The utter lack of response catalogued herein was occurring simultaneously with the Defendants, and each of them, promising this Court in another litigation matter that they would meaningfully participate in a plan to curb the staff misconduct at RJD.

**FIRST CAUSE OF ACTION**

DEPRIVATION OF LIFE WITHOUT DUE PROCESS (42 U.S.C. §1983)

(Against All Defendants)

20. Plaintiffs incorporate all preceding paragraphs as though they were alleged in full in this cause of action.

21. At all relevant times, the Eighth and Fourteenth Amendments to the United States Constitution, Title 42 U.S.C. §1983, and the laws of the State of California were in full force and effect while the Decedent was in custody at RJD. At the same time and place, those enumerated laws as well as common law principles provided that persons have the right to enjoy personal safety and security and that Defendants, and each of them, had a corresponding duty to take reasonable precautions to ensure Decedent's safety and security.

22. Defendants acted under color of State law within the course and scope of the duties imposed upon a correction and rehabilitation facility when it and/or its agents wrongfully acted or omitted to act in such a way as to Mr. Messersmith, through deliberate indifference to his health and safety generally and specifically as an inmate in recovery post-surgery.

23. Plaintiff Estate of Christopher Messersmith has a cognizable interest under the Eighth Amendment of the United States Constitution, that prohibits cruel and unusual punishment which has been extended to factual situations where, as here, the Decedent was exposed to deliberate indifference by prison staff of the Decedent's health and well-being. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hudson v. McMillian*, 503 U.S. 1 (1992).

24. All Plaintiffs have a cognizable interest under the Substantive Due Process Clause of the Fourteenth Amendment of the United States Constitution, to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in the relationship between the Decedent and his mother and the relationship between the Decedent and his daughter.

25. Defendants, and each of them, while acting under the color of law, caused and/or failed to prevent the death of Mr. Messersmith, thereby depriving him of his life without due process of law. Mr. Messersmith and Ms. Solorio communicated specific concerns about the health and well-being of Mr. Messersmith post-surgery which were deliberately ignored by Defendant DOES 1-20 and supervisory personnel in accordance with decades' long staff misconduct that spawned other litigation. Defendants' actions and

failures to act caused extreme pain, suffering, loss of life, loss of earning capacity and loss of family relationships by the Decedent. Plaintiffs have thereby been deprived of their constitutional rights

26. The acts and/or omissions to act on the part of Defendants, and each of them, together with other undiscovered conduct, shock the conscience, in that deliberation was practical given the number of actual notifications, and the deliberate indifference to the constitutional rights of the Decedent and the Plaintiffs was done for a purpose completely unrelated to any legitimate custodial or law enforcement objection.

27. Plaintiffs are informed, believe and thereon allege that the acts of the individual Defendants were willful, malicious, intentional, oppressive, reckless and/or were done in willful and conscious disregard of the Decedent's and the Plaintiffs' rights, welfare and safety, justifying the award of punitive and exemplary damages in an amount to be determined at time of trial.

28. As a legal result of their conduct, Defendants are liable for the injuries suffered by the Decedent and the Plaintiffs, either because they were integral participants in the deprivation of life without due process, or they failed to intervene to prevent those violations. Plaintiff Ms. Solorio brings this claim as an individual and as successor-in-interest to her son Mr. Messersmith, and seeks both survival and wrongful death damages under Federal and State law for the violation of the Decedent's rights. Ms. Solorio, upon application for appointment as Guardian Ad Litem, also brings this claim on behalf of Sophia Messersmith, a minor. Plaintiffs also seek attorneys' fees under this claim.

WHEREFORE, Plaintiffs sue for relief as set forth below.

## SECOND CAUSE OF ACTION

INTERFERENCE WITH PARENT-CHILD RELATIONSHIP (42 U.S.C. §1983)

(Against All Defendants)

29. Plaintiffs incorporate all preceding paragraphs as though they were alleged in full in this cause of action.

30. By wrongfully and essentially killing the Decedent by failing to meet even the most basic of care pre- and post-surgery and while the Decedent was incarcerated, Defendants and each of them, deprived the Plaintiffs of their Fourteenth Amendment right to a familial relationship with the Decedent. Defendants acted with deliberate indifference to the Plaintiffs' rights and/or their unlawful conduct shocks the conscience.

31. Defendants' interference with the parent-child relationship caused and continues to cause the Plaintiffs extreme pain and suffering. Defendants' actions and failures to act also deprived Plaintiffs of the love, companionship, support, society, care, and sustenance of her father (as it applies to Sophia Messersmith, a minor), and she will continue to be so deprived for the remainder of her life.

32. As a result of their conduct, Defendants are liable for the Decedent's damages and loss of life, either because they were integral participants in the interference with the parental-child relationship, or because they failed to intervene to prevent these violations.

33. The claim against Defendants DOES 1-20 is based upon Plaintiffs' allegations that the policies, practices or customs in place, in force and in effect at RJD, were a cause of the injuries suffered by the Decedent and the Plaintiffs' herein, as set forth above, and such policies, practices or customs were being performed at the same time as the Defendants, and each of them, were stating a contrary story to this Court in other litigation matters.

34. As a direct and legal result of Defendants' acts and omissions, the Plaintiffs suffered damages, including, without limitation, loss of earnings and earning capacity, loss of enjoyment of life, pain and suffering, physical injuries and sickness, emotional distress, medical expenses, funeral and burial expenses, attorneys' fees, costs of suit, other pecuniary losses not yet ascertained and the loss of the Decedent's love, affection, society, support, and companionship.

35. Plaintiffs are informed, believe and thereon allege that the acts of the individual Defendants were willful, malicious, intentional, oppressive, reckless and/or were done in willful and conscious disregard of the Decedent's and the Plaintiffs' rights, welfare

and safety, justifying the award of punitive and exemplary damages in an amount to be determined at time of trial.

36. Plaintiff Ms. Solorio brings this claim as an individual and as successor-in-interest to her son Mr. Messersmith, and seeks both survival and wrongful death damages under Federal and State law for the violation of the Decedent's rights. Ms. Solorio, upon application for appointment as Guardian Ad Litem, also brings this claim on behalf of Sophia Messersmith, a minor. Plaintiffs also seek attorneys' fees under this claim.

WHEREFORE, Plaintiffs sue for relief as set forth below.

## THIRD CAUSE OF ACTION

NEGLIENCE

(Against All Defendants)

37. Plaintiffs incorporate all preceding paragraphs as though they were alleged in full in this cause of action.

38. Defendants owed a duty of care toward the Decedent and the Plaintiffs and were required to use reasonable diligence to ensure that Mr. Messersmith was not harmed by Defendants' acts or omissions. Defendants' actions and omissions were negligent and reckless, including but not limited to:

a. the failure to properly assess and/or supervise the employees;

b. the deliberate indifference in the pre- and post-surgery interactions with Mr. Messersmith, including improper supervision of employees in their failure to promptly and adequately assess complaints/reports of an inmate's ill health and/or complaints of physical pain and discomfort;

c. the deliberate refusal to transport the Decedent to an proper medical facility after specific complaints/reports of an inmate's ill health were communicated to supervisory personnel of RJD;

d. the deliberate refusal and/or failure to provide proper medical care and not take actions to worsen or exacerbate the physical condition of Mr. Messersmtih;

e. the failure to properly train, supervise and discipline employees, including the individual Defendants DOES 1-20;

f. the failure to render timely medical assistance to Mr. Messersmith; and

g. the negligent hiring, retention and assignment of its employees, including the individual Defendants DOES 1-20 when other litigation matters placed STATE, CDCR and RJD on notice that there were staff misconduct issues at RJD.

39. Defendants' conduct caused Decedent, without limitation, extreme pain and suffering, and loss of life, enjoyment of life and earning capacity. Defendants' actions also deprived Plaintiffs of the love, companionship, support, society, care, and sustenance of Mr. Messersmith and the Plaintiffs will continue to be so deprived for the remainder of their lives.

40. As a result of their conduct, Defendants are liable for Decedent's and the Plaintiffs' damages because they were integral participants in the negligence, or because they failed to intervene to prevent these violations, or under the doctrine of respondeat superior.

41. Defendants and each of them are vicariously liable under California Government Code § 815.2 for the acts of its employees Defendants DOES 1- 20, that were committed in the course and scope of their employment at RJD.

42. Plaintiff Ms. Solorio brings this claim as an individual and as successor-in-interest to her son Mr. Messersmith, and seeks both survival and wrongful death damages under Federal and State law for the violation of the Decedent's rights. Ms. Solorio, upon application for appointment as Guardian Ad Litem, also brings this claim on behalf of Sophia Messersmith, a minor. Plaintiffs also seek attorneys' fees under this claim.

WHEREFORE, Plaintiffs sue for relief as set forth below.

///

///

///

**FOURTH CAUSE OF ACTION**

FAILURE TO ADEQUATELY TRAIN, SUPERVISE AND DISCIPLINE STAFF

(Against All Defendants)

43. Plaintiffs incorporate all preceding paragraphs as though they were alleged in full in this cause of action.

44. At all relevant times, the Fourteenth Amendment to the United States Constitution, 42 U.S.C. §1983, the laws of the State of California and common law principles provided that Defendants and each of them, had a duty to adequately train, supervise and discipline personnel in order to safeguard the health and safety of inmates as well as members of the general public from acts and/or omissions and/or other unlawful conduct by sworn correction officers and/or such other persons acting for or at the request of the Defendants and each of them. Under the law as it applies in California, an employer can be held liable to a third person such as the Plaintiffs herein for negligently supervising an employee.

45. Said defendants were deliberately indifferent to their duties to properly train, discipline and supervise sworn correction officers and/or such other persons acting for or at the request of the Defendants and each of them, thereby proximately causing Decedent's death and depriving Decedent and the Plaintiffs of rights, privileges and immunities secured to them according to statutes and common law as set forth and enumerated above and incorporated hereat.

46. Defendants' conduct caused Decedent, without limitation, extreme pain and suffering, and loss of life, enjoyment of life and earning capacity. Defendants' actions also deprived Plaintiffs of the love, companionship, support, society, care, and sustenance of Mr. Messersmith and the Plaintiffs will continue to be so deprived for the remainder of their lives.

47. As a result of their conduct, Defendants are liable for Decedent's and the Plaintiffs' damages because they were integral participants in the negligence, or because

they failed to intervene to prevent these violations, or under the doctrine of respondeat superior.

48. Defendants and each of them are vicariously liable under California Government Code § 815.2 for the acts of its employees Defendants DOES 1- 20, that were committed in the course and scope of their employment at RJD.

49. Plaintiff Ms. Solorio brings this claim as an individual and as successor-in-interest to her son Mr. Messersmith, and seeks both survival and wrongful death damages under Federal and State law for the violation of the Decedent's rights. Ms. Solorio, upon application for appointment as Guardian Ad Litem, also brings this claim on behalf of Sophia Messersmith, a minor. Plaintiffs also seek attorneys' fees under this claim.

WHEREFORE, Plaintiffs sue for relief as set forth below.

**FIFTH CAUSE OF ACTION**

VIOLATION OF CALIFORNIA CIVIL CODE § 43

(Against All Defendants)

50. Plaintiffs incorporate all preceding paragraphs as though they were alleged in full in this cause of action.

51. California Civil Code §43 provides: "[b]esides the personal rights mentioned or recognized in the Government Code, every person has, subject to the qualifications and restrictions provided by law, the right of protection from bodily restraint or harm, from personal insult, from defamation, and from injury to his personal relations."

52. As alleged herein, and in violation of California Civil Code § 43, Defendants and each of them failed to provide Decedent with protection bodily harm by failing to intervene and Defendants DOES 1-20 from their gross misconduct. Defendants STATE, CDCR, and RJD refusal to take accountability for the Defendants' employees' actions violates the law because Defendant DOES 1-20 were employees, and were acting during the course and scope of employment when they ignored repeated complaints of physical pain and discomfort and failed to intervene so as to provide the Decedent with adequate care.

All of the conduct of Defendant DOES 1-20 as it applies to the Decedent were coming at the same time as the Defendants were promising the Court in other litigation matters before it that they were taking steps to remediate staff misconduct – *exactly the same type of conduct complained of herein.*

53. Plaintiffs are informed, believe, and thereon allege, that by the Defendants' tolerating and sanctioning the conduct of Defendants DOES 1-20(or in some instances their inactions) as well as the disregard of CDCR policies and procedures, the Defendants and each of them violated California *Civil Code* § 43 and that such violation constitutes negligence per se.

54. By the aforesaid acts and omissions of Defendants, and each of them, Plaintiffs have been directly and legally caused to suffer actual damages including, but not limited to, loss of earnings, reliance damages, costs of suit and other pecuniary loss in an amount not presently ascertained, but to be proven at trial.

55. As a direct and legal result of Defendants' acts and omissions, the Plaintiffs suffered damages, including, without limitation, loss of earnings and earning capacity, loss of enjoyment of life, pain and suffering, physical injuries and sickness, emotional distress, medical expenses, funeral and burial expenses, attorneys' fees, costs of suit, other pecuniary losses not yet ascertained and the loss of the Decedent's love, affection, society, support, and companionship.

56. Plaintiffs are informed, believe and thereon allege that the acts of the Defendants were willful, malicious, intentional, oppressive, reckless and/or were done in willful and conscious disregard of the Decedent's and the Plaintiffs' rights, welfare and safety, justifying the award of punitive and exemplary damages in an amount to be determined at time of trial.

57. Plaintiff Ms. Solorio brings this claim as an individual and as successor-in-interest to her son Mr. Messersmith, and seeks both survival and wrongful death damages under Federal and State law for the violation of the Decedent's rights. Ms. Solorio, upon

application for appointment as Guardian Ad Litem, also brings this claim on behalf of Sophia Messersmith, a minor. Plaintiffs also seek attorneys' fees under this claim.

WHEREFORE, Plaintiffs sue for relief as set forth below.

## SIXTH CAUSE OF ACTION

VIOLATION OF CALIFORNIA CIVIL CODE § 52.1

(Against All Defendants)

58. Plaintiffs incorporate all preceding paragraphs as though they were alleged in full in this cause of action.

59. As alleged herein, Defendants interfered the rights provide to the Decedent and the Plaintiffs under State and Federal laws and under the State and Federal Constitution including, without limitation, the right to due process, and the right to bodily integrity, including their rights under California *Civil Code* § 52.1, California *Penal Code* § 149 and their rights under the First, Fourth and Fourteenth Amendments to the United States Constitution and their rights under Article 1, sections 1, 7 and/or 13 of the California Constitution.

60. Defendants' conduct caused the Decedent extreme pain and suffering, and loss of life, earning capacity and his relationship with his child, mother, family and friends. Defendants' actions also deprived Plaintiffs of the Decedent's love, companionship, support, society, care, and they will continue to be so deprived for the remainder of their lives.

61. As a result of their conduct, Defendants are liable for Decedent's and the Plaintiffs' damages because they were integral participants in the statutory violation, or because they failed to intervene to prevent these violations, or under the doctrine of respondeat superior. Defendants and each of them are vicariously liable under California Government Code § 815.2 for the acts of its employees Defendants DOES 1- 20, that were committed in the course and scope of their employment at RJD.

62. Plaintiffs are informed, believe and thereon allege that the acts of the Defendants were willful, malicious, intentional, oppressive, reckless and/or were done in willful and conscious disregard of the Decedent's and the Plaintiffs' rights, welfare and safety, justifying the award of punitive and exemplary damages in an amount to be determined at time of trial.

63. Plaintiff Ms. Solorio brings this claim as an individual and as successor-in-interest to her son Mr. Messersmith, and seeks both survival and wrongful death damages under Federal and State law for the violation of the Decedent's rights. Ms. Solorio, upon application for appointment as Guardian Ad Litem, also brings this claim on behalf of Sophia Messersmith, a minor. Plaintiffs also seek attorneys' fees under this claim.

WHEREFORE, Plaintiffs sue for relief as set forth below.

**SEVENTH CAUSE OF ACTION**

WRONGFUL DEATH (*CCP* §377.60)

(Against All Defendants)

64. Plaintiffs incorporate all preceding paragraphs as though they were alleged in full in this cause of action.

65. Plaintiffs are the mother, daughter and the estate of the Decedent Mr. Messersmith. Other surviving family members of Decedent have not consented to be joined as a plaintiff and may be substituted pursuant to California *Code of Civil Procedure* § 382.

66. The wrongful acts of Defendants and each of them proximately caused the death of Decedent and thus caused damages to Decedent and the Plaintiffs including, but not limited to, loss of earnings, attorney's fees, costs of suit and other pecuniary loss in an amount not presently ascertained, but to be proven at trial.

67. As a direct and legal result of Defendants' acts and omissions, the Plaintiffs suffered damages, including, without limitation, loss of earnings and earning capacity, loss of enjoyment of life, pain and suffering, physical injuries and sickness, emotional distress, medical expenses, funeral and burial expenses, attorneys' fees, costs of suit, other pecuniary

losses not yet ascertained and the loss of the Decedent's love, affection, society, support, and companionship.

68. Plaintiffs are informed, believe and thereon allege that the acts of the Defendants were willful, malicious, intentional, oppressive, reckless and/or were done in willful and conscious disregard of the Decedent's and the Plaintiffs' rights, welfare and safety, justifying the award of punitive and exemplary damages in an amount to be determined at time of trial.

69. Plaintiff Ms. Solorio brings this claim as an individual and as successor-in-interest to her son Mr. Messersmith, and seeks both survival and wrongful death damages under Federal and State law for the violation of the Decedent's rights. Ms. Solorio, upon application for appointment as Guardian Ad Litem, also brings this claim on behalf of Sophia Messersmith, a minor. Plaintiffs also seek attorneys' fees under this claim.

WHEREFORE, Plaintiffs sue for relief as set forth below.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs sue for relief as follows:

1. For an appointment of Lisa Solorio as the Guardian Ad Litem for Sophia Messersmith, a minor;

2. For order adjudicating the statutory rights and obligation of the parties;

3. Compensatory, special and general damages in an amount according to proof at trial;

4. Punitive damages according to proof at trial;

5. Statutory penalties and damages according to proof at trial;

///

///

///

6. Pre-judgment and post judgment interest as well as attorneys' fees and costs of suit pursuant to 42 U.S.C. §1988 or as otherwise permitted by law;

7. Such other and further relief as the Court deems proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs respectfully demand a jury trial.

DATED: January 20, 2023

TODD & ASSOCIATES

By: ______________________
MATTHEW P. TODD
Attorneys for Plaintiffs

TODD & ASSOCIATES
ATTORNEYS AND COUNSELORS AT LAW
WWW.TODDLAWYERS.COM

28649 SO. WESTERN AVENUE #6845
SAN PEDRO, CALIFORNIA 90734-6845

(310) 683-8632
(866) 781-0419 Fax

MATTHEW P. TODD, ESQ.
matthew@toddlawyers.com

July 12, 2021

Government Claims Program
Office of Risk and Insurance Management
Department of General Services
P.O. Box 989052, MS 414
West Sacramento, California 95798-9052

-and-

707 3rd Street, 1st Floor ORIM
West Sacramento, California 95605

**CLAIM FOR DAMAGES PURSUANT TO GOVT. CODE §§910, et seq.**

Dear Sir or Madam:

I am providing this letter to you in compliance with the obligation under Government Code §§910, et seq., with the specific intent to notify you of the Claim for Damages[1] as a result of the alleged statutory violations and negligence of employees of the Richard J. Donovan Correctional Facility ("Donovan") as well as certain health care professionals working at the request of or on behalf of Donovan who, based upon statutes and/or common law, were required to provide adequate care to Christopher Messersmith, an inmate at Donovan who needed but was denied appropriate ongoing medical care, classification and housing assignment. The negligence and other acts of employees of the State caused the death of Mr. Messersmith on January 22, 2021.

The Claimants, for or about whom the office address and telephone number provided above may be used by you to obtain further information, are identified as follows:

1. Christopher Messersmith, deceased
2. Sophia Margaret Messersmith, a minor[2] by her guardian Lisa Marie Solorio
3. Lisa Marie Solorio, Mr. Messersmith's mother

[1] For ease of reference, this Claim for Damages is formatted using the listed items contained on Form DGS ORIM 06.

[2] With respect to the minor, her date of birth is 07/09/2012.

4. Robert Messersmith, Mr. Messersmith's brother
5. Sera Marie Delgado, Mr. Messersmith's sister
6. Melissa Rose Delgado, Mr. Messersmith's sister
7. Johnny Manuel Solorio, Sr., Mr. Messersmith's stepfather
8. Johnny Manuel Solorio, Jr., Mr. Messersmith's brother

Other claimants may include Yolanda Medal Estrada and Robert William Messersmith.

As indicated on page 1, Claimant Lisa Maria Solorio is also the guardian of Claimant Sophia Margaret Messersmith and her paternal grandmother. With respect to her representative capacity only, Ms. Solorio's address of record is 2034 South Grand Avenue #3, San Pedro, California 90731, however, please direct a copy of all correspondence directed by you to the minor's guardian to the address provided above.

With respect to the incident, the nature and extent of the negligence of the Donovan employees and/or independent contractors is not certain in light of Mr. Messersmith's custodial status and therefore, the exact acts and/or omissions are not yet able to be quantified or specified. It is known that while in custody at Donovan, Mr. Messersmith was not provided post-surgical care and treatment and was not classified for assignment in Donovan's medical unit or in such other location to facilitate post-surgical care and treatment and as a result thereof, Mr. Messersmith died in his cell on January 22, 2021.

The claim is made against Donovan, Donovan employees (whose names, classification, and status are currently unknown to the Claimant), and independent contractors of Donovan (the exact identity and number are currently unknown but each is referred to as an "independent contractor" insofar as Mr. Messersmith received off-site medical care and treatment for which these individuals or persons may be responsible), as well as the California Department of Corrections.

With respect to the amount of the claim, it should be generally noted that the claim is based upon the California *Code of Civil Procedure* §377.60 that provides for a cause of action for wrongful death and therefore damages will be sought pursuant to CACI §3921. Specifically, the claim is based upon wrongful death; infliction of emotional distress; *Monell*-related claims; violations of 8th Amendment, 42 U.S.C. §1983 and the *Bane Act*; negligent supervision; medical negligence, as well as negligence and such other claims and/or causes of action as may be pertinent and/or relevant and subject to an amended claim, if necessary. Accordingly, the aggregate claim for the claimants identified herein is a sum that is not less than $15,000,000.00 plus attorney fees and costs; with the primary claimants being (a) the minor, (b) the minor's grandmother, and, (c) viable claims of the estate of Mr. Messersmith.

All of the acts and/or omissions occurred while Mr. Messersmith was in custodial status at Donovan as previously stated. It is alleged based upon information and belief that some of the medical care and treatment that was provided to Mr. Messersmith was performed off-site but at the behest or request of Donovan and as necessitated by the

medical condition of Mr. Messersmith at the time. Donovan is located in the County of San Diego within the jurisdictional boundary of the Superior Court of California, County of San Diego as well as the United States District Court for the Southern District of California.

With respect to the circumstances that led to the damage or injury, it bears reiterating that Mr. Messersmith was in custodial status at Donovan who has not provided the Claimants with sufficient information about such circumstances. However, what is known is that Mr. Messersmith was not provided adequate post-surgical care and treatment by Donovan employees and/or independent contractors and as a result thereof, he expired in his assigned cell on January 22, 2021.

Relative to request to explain the State's liability, Donovan exists through and is regulated by the California Department of Corrections who is required to carry out statutory and regulatory provisions with respect to inmates under its custodial supervision. Moreover, under Federal law, Donovan and the California Department of Corrections are required to respect the civil rights of all persons. With respect to Mr. Messersmith, his untimely death would not have occurred but for the negligence of Donovan and the CDC and the cumulative effect of the violations of such statutes and regulations that apply.

On behalf of each of the Claimants identified herein, the undersigned declare under penalty of perjury under the laws of the State of California that all of the information provided is true and correct to the best of information and belief. The undersigned further understand that if the provided information is false, intentionally incomplete, or misleading the undersigned may be charged with a felony punishable by up to four years in state prison and/or a fine of up to $10,000 under Penal Code §72.

DATED: July 12, 2012

Lisa Marie Solorio
Lisa Marie Solorio
Guardian for Sofia Margaret Messersmith

DATED: July 12, 2012

TODD & ASSOCIATES

By: ______________________
MATTHEW P. TODD
On behalf of all Claimants